UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESTER STEWART,

    Plaintiff,

vs.                                      Case No.  3:05-cv-427-32MCR

COTTRELL, INC.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Language from Plaintiff's Complaint (Doc. 6) filed May 23, 2005.  Plaintiff filed his response on June 02, 2005 (Doc. 8).  The matter is ripe for judicial review.

Defendant contends that Plaintiff's Complaint contains language of "flagrant, willful, wanton, intentional and reckless" conduct that is conclusory and unnecessary. Federal Rule of Civil Procedure 12(f) provides that the court may strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Pro. 12(f).  However, motions to strike are generally disfavored and will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Siebel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997) (citing Poston v. American President Lines, Ltd., 452 F. Supp 568, 570 (S.D. Fla. 1978)).

In arguing that the language should be stricken, Defendant does not claim prejudice will result if the language is permitted. Defendant mainly asserts that the language is conclusory, unnecessary, and sounds of punitive damages. However, Plaintiff argues that since he originally filed the complaint in Florida state court, he was barred from making a claim for punitive damages at the outset by Florida Statute § 762.72, which prohibits a plaintiff from pleading punitive damages without first obtaining leave of the court and proffering evidence to support the pleading. The language complained of by Defendant was included in the Complaint in anticipation of such a proffer and a motion to include a claim for punitive damages. As Defendant removed this case to federal court, Fla. Stat. § 762.72 no longer controls as it conflicts with Fed. R. Civ. Pro. 8(a)(3). Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Consequently, Plaintiff is free to amend the Complaint to plead a request for punitive damages without leave of court and, according to his responses, plans to do so accordingly. As for Defendant's argument that the language in the Plaintiff's Complaint is conclusory, many courts have held that "adjectives such as 'willful, wanton, and reckless' are sufficient to state a claim for punitive damages in Federal Court." Geisinger v. Armstrong World Industries, Inc., No. 90-0872-CIV, 1990 U.S. Dist. LEXIS 11061, at 6-7 (S.D. Fla. June 22, 1990).

Thus, given Plaintiff's stated intention to amend the Complaint to include a claim for punitive damages, the Court is not persuaded it should strike the language from Plaintiff's Complaint at this time.

After due consideration, it is

**ORDERED**:

Defendant's Motion to Strike Language from Plaintiff's Complaint (Doc. 6) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  8th  day of June, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party